IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL D. HARPER,<br>    Petitioner, | : CIVIL ACTION<br>:<br>: No. 10-0367 |
| v. | : |
| RAYMOND J. LAWLER, *et al.*,<br>    Respondents | : |

**Memorandum**

YOHN, J.                                                                                                                                     July 9, 2010

      Petitioner, Samuel D. Harper, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for the first-degree murder of his wife, for which he received a mandatory sentence of life imprisonment. Before the court are petitioner's objections to the magistrate judge's report and recommendation ("R&R"), which recommends that the petition be dismissed as barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Petitioner's objections that he is entitled to statutory and equitable tolling lack merit. Moreover, even if the court were to exclude those time periods claimed, but for which such tolling is clearly unavailable, the habeas petition would still be untimely. I will therefore overrule petitioner's objections and approve and adopt the R&R.

**I. Factual and Procedural History**

      On February 15, 2005, a Philadelphia jury found petitioner guilty of first-degree murder, carrying a firearm without a license, and possessing an instrument of crime. The Commonwealth offered not to seek the death penalty in exchange for petitioner's waiver of

his right to appeal and to seek federal or state post-conviction review. On February 16, 2005, petitioner accepted the Commonwealth's offer and the trial judge sentenced him to life imprisonment.

On February 21, 2005, petitioner sent a letter to the trial judge and District Attorney requesting to rescind his agreement not to seek review. (Pet'r's Objection Ex. A.) From the face of the letter, the list of those who were sent copies, and the return receipts that petitioner has attached to his objections (*see id.* Ex. B), it is clear that the letter was not sent to the clerk of court as required under the Pennsylvania Rules of Criminal Procedure to be filed and it was not entered on the docket. *See* Pa. R. Crim. P. 576. The trial judge did not respond to the letter. At the time, petitioner was allegedly under 23-hour prison "lockdown" as a newly convicted prisoner awaiting processing. Petitioner states that he remained under lockdown until late March and was transferred twice during that time.

On April 3, 2005, petitioner sent a notice of appeal to the clerk of court.[1] According to petitioner, the appeal was dismissed as untimely on April 11, 2005. (*Id.* at 3.)

On June 27, 2005, and September 8, 2005, after petitioner's notice of appeal had already been dismissed, petitioner sent two letters to the trial judge asking for a response to his February 21, 2005, letter. The trial judge did not respond.

On December 8, 2005, petitioner attempted to file a petition for mandamus in the Supreme Court of Pennsylvania, seeking to compel the trial court to respond to his February 21, 2005, letter. The docket of the Supreme Court of Pennsylvania does not reflect that it was

---

[1] Although petitioner alleges that he placed his notice of appeal in the hands of prison officials on March 24, 2005, the date that petitioner wrote next to his signature is April 3, 2005. A copy of the notice in the record bears a court stamp dated December 28, 2005, but petitioner concedes that the court actually responded to his notice of appeal by dismissing it as early as April 11, 2005.

2

ever filed. A copy of the mandamus petition sent to the clerk of the trial court was returned as untimely on January 6, 2006.

On June 1, 2006, petitioner filed for state post-conviction relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546. The Philadelphia Court of Common Pleas dismissed the PCRA petition as untimely and the Superior Court affirmed on March 27, 2009. Petitioner did not seek review in the Supreme Court of Pennsylvania.

Petitioner filed this application for a writ of habeas corpus on January 15, 2010, over nine months after the Superior Court dismissed his PCRA petition. I referred the matter to Magistrate Judge Thomas J. Rueter for a report and recommendation. Magistrate Judge Rueter recommended that the habeas petition be dismissed as untimely. Petitioner has filed a timely objection to the R&R. I review the magistrate judge's findings and recommendations to which objections were filed *de novo*. *See* 28 U.S.C. § 636(b)(1).

## II. Discussion

Generally, a habeas petition must be filed within one year of the date on which the judgment of the state court became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d). The one-year period may be statutorily tolled during the pendency of a "properly filed" application for state post-conviction review. *See id.* § 2244(d)(2). The period may also be equitably tolled during a period when "'some extraordinary circumstance stood in [the petitioner's] way' and prevented timely filing" despite the petitioner's diligent pursuit of his or her rights. *See Holland v. Florida*, No. 09-5327, Slip Op. at 16-17 (June 14, 2010) (quoting *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 617-18 (3d Cir. 1998).

The magistrate judge correctly and thoroughly analyzed the issues of statutory and equitable tolling and recommended dismissal of the petition as untimely. I approve the report and recommendation. I supplement that report to point out to the petitioner that even giving him credit for all of the tolling for which he incorrectly claims credit, his petition is still untimely.

Petitioner was required to file his notice of appeal of the state court's judgment within thirty days of the imposition of his sentence or within thirty days of the state court's disposition of a timely post-sentence motion. *See* Pa. R. Crim. P. 720(A). Petitioner's February 21, 2005, letter to the trial judge was not filed with the clerk of court or entered on the court's docket as a motion. The state court determined that the deadline for filing a notice of appeal was therefore March 18, 2005, and the state court judgment became final on that date. Petitioner objects that the state court departed from its usual and customary procedures in failing to construe his February 21, 2005, letter as a timely post-sentence motion and in failing to rule on it. Petitioner argues that had the state construed the February 21, 2005, letter as a post-sentence motion, petitioner's April 3, 2005, notice of appeal would have been timely. Petitioner acknowledges, however, that the state court dismissed his notice of appeal as untimely on April 11, 2005, and that petitioner did not seek review of the dismissal of his notice of appeal within the applicable thirty-day window thereafter. *See* Pa. R. App. P. 1113(a). As a result, even accepting petitioner's fallacious contention as correct, the latest date on which the judgment could have become final was on May 11, 2005. Absent further tolling, the AEDPA statute of limitations would have run on May 11, 2006.

4

Petitioner also argues that the state court departed from its usual and customary procedures in failing to construe the December 8, 2005, petition for mandamus that he attempted to file with the Pennsylvania Supreme Court as a first timely PCRA petition. However, any questions as to whether a petitioner has "properly filed" a motion for state post-conviction relief for the purposes of the AEDPA are reserved exclusively to the state courts. *See Pace*, 544 U.S. at 414 (holding that when state court rules that document was not properly filed, "that is the end of the matter for purposes of § 2244(d)(2)" (internal quotation and alteration omitted)). Even if the court were to construe the mandamus action as a timely PCRA petition, the AEDPA statute of limitations would only have been tolled between December 8, 2005, and January 6, 2006, or an additional 29 days, and would therefore have run on June 9, 2006. *See Johnson v. Hendricks*, 314 F.3d 159, 161-62 (3d Cir. 2002) ("§ 2254(d)(2)'s tolling provision excludes time during which a properly filed state post-conviction [petition] is pending but does not reset the date from which the one-year limitations period begins to run.").

Similarly, because the state courts dismissed petitioner's June 1, 2006, PCRA petition as untimely, it was also not a "properly filed" motion for post-conviction relief for the purposes of statutory tolling. *See Pace*, 544 U.S. at 414. Even if the court were to accept the pendency of this untimely filed PCRA petition as tolling the AEDPA limitations period, it would only have tolled that period between the date he filed the PCRA petition on June 1, 2006, and the date that the Superior Court dismissed the petition March 27, 2009, or two years, nine months and twenty-six days, plus the thirty-day window that petitioner had to appeal the Superior Court's decision to the Pennsylvania Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000); Pa. R. App. P. 1113(a). Thus, even if petitioner

5

were also granted tolling during the pendency of his PCRA petition, the AEDPA limitations period would have ended on May 5, 2009, over eight months before petitioner filed his habeas petition. Thus, even accepting all of petitioner's non-meritorious contentions about statutory tolling, his petition is still untimely.

Petitioner has not alleged any basis for equitable tolling that would be sufficient to render his habeas petition timely. Petitioner argues that he is entitled to equitable tolling because: (1) he was in lockdown and was being transferred from prison to prison in February 2005 and March 2005; (2) state officials improperly failed to acknowledge or respond to his February 21, 2005, communication to the trial judge; (3) state officials improperly failed to construe his mandamus petition as a timely PCRA petition; (4) state officials actively misled him by failing to tell him how to challenge his conviction in the state courts; and (5) his mandamus petition was a timely attempt to assert his rights in the wrong forum.

All but the fourth of petitioner's arguments for equitable tolling concern allegations which have no merit and which, even if accepted for the purposes of argument, are insufficient to make his petition timely as they concern the same periods which I have already accepted for purposes of argument in my analysis of statutory tolling. Moreover, petitioner's fourth argument that state officials misled him by failing to inform him how to seek post-conviction relief in state court cannot justify equitable tolling because petitioner has not explained the legal basis for any such obligation, how the officials' alleged inaction misled him, who the state officials might be, and how such conduct prevented him from filing his habeas petition in a timely manner despite his exercise of reasonable diligence.[2]

---

[2] The Supreme Court case that petitioner cites in support of his fourth argument, *Ford v. Georgia*, 498 U.S. 411, 424-25 (1991), imposed no obligation on state officials to instruct defendants on how to present legal challenges to their convictions but merely stated that a

Nor has petitioner demonstrated the kind of diligence that would justify equitable tolling. Petitioner waited nearly eight months after his appeal was dismissed before attempting to file a mandamus action. Petitioner then allowed nearly five months to elapse after the date on which he learned his mandamus petition was untimely before filing file a PCRA petition on June 1, 2006. After his PCRA petition was dismissed on appeal on March 27, 2009, petitioner waited nearly ten months before filing his federal habeas petition on January 15, 2010. Together, these periods well exceed the twelve-month time limit imposed by the AEDPA. Petitioner alleges no circumstances during these periods that would reasonably have prevented him from preparing or filing court documents despite the exercise of reasonable diligence. *See Pace*, 544 U.S. at 419; *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (denying equitable tolling when, after the termination of the alleged extraordinary circumstances, there was "nearly one month left in the [AEDPA] limitation period—time enough for [petitioner], acting with reasonable diligence, to prepare and file at least a basic pro se habeas petition").

**III. Conclusion**

Because the magistrate judge correctly determined that petitioner's application for habeas relief is untimely and because petitioner has not advanced any basis for tolling sufficient to render his habeas petition timely, I will overrule petitioner's objections and approve and adopt the R&R. No certificate of appealability will issue because petitioner's application for habeas relief is subject to a "plain procedural bar." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability may not issue unless the

---

defendant's objection could not be deemed waived on the basis of a procedural rule that did not yet exist at the time of the alleged waiver.

7

prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling). An appropriate order follows.